**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CHERYL WOOD, an individual, )<br>)<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>AFFILIATE ASSET SOLUTIONS )<br>LLC, a Delaware Limited Liability )<br>Company; and PENDRICK )<br>CAPITAL PARTNERS LLC, a )<br>Delaware Limited Liability Company,)<br>)<br>Defendants. )<br>_____ ) | **Case No.:**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

COMES NOW Cheryl Wood, Plaintiff, and states the following Complaint against Defendant AFFILIATE ASSET SOLUTIONS LLC and Defendant PENDRICK CAPITAL PARTNERS LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, and Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq.*

<u>JURISDICTION AND VENUE</u>

1.

This action arises out of Defendants' illegal and improper efforts to collect a consumer debt, and includes violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA") and Georgia's Fair

Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq.* ("FBPA"), and Plaintiff's claims under these statutes are so related that they form the same case or controversy.

2.

Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 & 1337, as well as 28 U.S.C. § 1367 (Supplemental Jurisdiction).

3.

This Court has personal jurisdiction over each Defendant because each Defendant transacts business within the State of Georgia, each Defendant has a registered agent in the State of Georgia, and the acts complained of occurred within the State of Georgia and targeted a Georgia resident.

4.

This Court is the proper venue for this action as each Defendant has a registered agent in Gwinnett County, Georgia.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because each Defendant has a registered agent in Gwinnett County, Georgia.

<u>PARTIES</u>

5.

Cheryl Wood is a natural person and individual who is a resident of Dodge County, Georgia.

6.

AFFILIATE ASSET SOLUTIONS LLC ("AFFILIATE") is a Delaware Limited Liability Company that regularly transacts business within the State of Georgia, including targeting residents of the State of Georgia for the collection of debts, and has a Georgia registered agent located within Gwinnett County, Georgia.

7.

Defendant AFFILIATE regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due to others, including Defendant Pendrick Capital Partners LLC.

8.

The principal purpose of Defendant AFFILIATE's business is the collection of any debts.

9.

When visiting the website of Defendant AFFILIATE, a user is greeted by a pop-up notice on their web browser that states "Affiliate Asset

Solutions, LLC is a debt collection agency. This is an attempt to collect a debt by a debt collector, and any information obtained will be used for that purpose. Communications to and from Affiliate may be monitored and/or recorded."[1]

10.

Defendant AFFILIATE is a debt collector within the meaning of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*

11.

PENDRICK CAPITAL PARTNERS LLC ("PENDRICK") is a Delaware Limited Liability Company that regularly transacts business within the State of Georgia, including targeting residents of the State of Georgia for the collection of debts, and has a Georgia registered agent located within Gwinnett County, Georgia.

12.

Upon information and belief, Defendant PENDRICK regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due to others, although Defendant PENDRICK claims those debts are due to it instead of the third parties for which it is actually collecting.

---

[1] Affiliate, available at (https://www.affiliateas.com) (last accessed June 8, 2021).

13.

The principal purpose of Defendant PENDRICK's business is the collection of any debts.

14.

Defendant PENDRICK's website states on its front page that "Pendrick is a market leader in medical debt purchasing with a long and respectable reputation for treating both clients and consumers fairly and courteously."[2]

15.

Defendant PENDRICK is a debt collector within the meaning of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*

FACTUAL ALLEGATIONS

16.

Defendants are debt collectors required to comply with the requirements of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*

---

[2] Pendrick, available at (https://www.pendrickcp.com/) (last accessed June 8, 2021).

17.

Defendants are also subject to the requirements of Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A. §§ 10-1-390 *et seq.*

18.

Plaintiff is a natural person who is a consumer under both Georgia and federal law.

19.

Defendants sought to collect debts that were allegedly incurred primarily for personal, family, or household purposes, and constitute consumer transactions under both the FDCPA and Georgia's FBPA.

20.

The alleged debt Defendants sought to collect from Plaintiff was in default at the time it was placed with, or acquired by, Defendants.

21.

Plaintiff hired legal counsel to represent her regarding the alleged debts.

22.

Plaintiff's legal counsel notified Defendants that she was represented by legal counsel regarding any debts they sought to collect from Plaintiff.

Plaintiff's legal counsel put Defendants on notice that they were not to contact Plaintiff directly regarding any debts, to cease all communications with Plaintiff regarding any debts, and instead were to contact her legal counsel regarding any debts.

23.

Defendants continued to directly communicate with Plaintiff despite knowing she was represented by legal counsel.

Defendant AFFILIATE sent Plaintiff a letter dated June 8, 2020, directly to Plaintiff instead of to her legal counsel (the "Collection Letter").

24.

The Collection Letter identified a debt Defendant AFFILIATE claimed it was collecting on behalf of Defendant PENDRICK.

25.

The Collection Letter claimed that Defendant PENDRICK had acquired the alleged debt from an original creditor and now owned the alleged debt.

26.

Defendant AFFILIATE sent the Collection Letter to Plaintiff on behalf of, and at the direction of, Defendant PENDRICK.

27.

Upon information and belief, Defendant PENDRICK did not, and does not, own the alleged debt—and did not own the alleged debt at the time the Collection Letter was sent to Plaintiff.

28.

Upon information and belief, Defendant PENDRICK does not fully acquire the alleged debts it seeks to collect from consumers, including the alleged debt in this case, but instead acquires a partial interest and Defendant PENDRICK is required to forward portions of any funds recovered to its clients—the alleged original creditors, who are the actual creditors.

29.

Upon information and belief, Defendant PENDRICK does this intentionally to provide cover for medical service providers—the clients who hire it to collect debts—when Defendant PENDRICK and its agents, such as Defendant AFFILIATE, violate the FDCPA or other consumer protection laws (such as Georgia's FBPA) in their collection efforts.

30.

Upon information and belief, Defendant PENDRICK uses this approach to deceive consumers and engage in reputational whitewashing on

behalf of their clients, the putative original creditors who are the actual creditors.

31.

Upon information and belief, Defendant AFFILIATE is aware of Defendant PENDRICK's reputational whitewashing efforts to deceive consumers, and knowingly participates in those efforts when it attempts to collect debts on behalf of Defendant PENDRICK.

32.

Upon information and belief, Defendants sought to collect alleged debts that they did not have a legal right to attempt to collect in the Collection Letter.

33.

The Collection Letter claims that Plaintiff owes Defendants $1,966.00

34.

Upon information and belief, the amount sought in the Collection Letter is not correct.

35.

Upon information and belief, Defendants sought to collect amounts for the alleged debts not allowed by law or contract.

36.

Defendants' communications with Plaintiff contained materially false, misleading, or deceptive information—including the amount allegedly owed, and who owned the alleged debt.

37.

Upon information and belief, the amounts each Defendant sought to collect for the alleged debt was incorrect.

38.

Upon information and belief, Defendant AFFILIATE uses a third-party vendor to send its collection letters, including the Collection Letter sent to Plaintiff.

39.

Upon information and belief, Defendant PENDRICK knows Defendant AFFILIATE uses a third-party vendor to send its collection letters to consumers, and Defendant AFFILIATE uses a third-party vendor with Defendant PENDRICK's agreement.

40.

Defendant AFFILIATE, working on behalf of its principal Defendant PENDRICK, sent data concerning Plaintiff's alleged debt to the third-party vendor in order to send the Collection Letter to Plaintiff.

41.

Upon information and belief, the data concerning Plaintiff's alleged debt Defendants caused to be sent to a third-party vendor included Plaintiff's name, the alleged outstanding balance, and the fact that the alleged debt was the result of medical treatment.

42.

Upon information and belief, the third-party vendor used this information to create, print, and mail the Collection Letter to Plaintiff.

43.

Neither Defendant was authorized by Plaintiff to send this information regarding the alleged debt to any third party, and no other justification allowed by the FDCPA, 15 U.S.C. § 1692c(b), applies, resulting in this data being transmitted without authorization to a third party and invading the privacy of Plaintiff and causing her harm.

44.

Plaintiff suffered stress, anxiety, and emotional distress related to Defendants' continued direct communication with her to collect debts despite her hiring legal counsel, notifying Defendants of her legal representation, and directing Defendants to cease communicating with her and to only communicate with her legal counsel.

45.

Defendants' direct communication with Plaintiff despite her hiring legal counsel invaded her privacy and caused her harm as she expressly stated any communications regarding any debt should go to her legal counsel when Defendants were notified she was represented by counsel

46.

Defendants direct communication with Plaintiff despite her clear direction to communicate with her legal counsel was a deliberate act intended to not only invade Plaintiff's privacy, but to harass and oppress Plaintiff.

47.

Plaintiff suffered stress, anxiety, and emotional distress related to each Defendant's efforts to collect incorrect amounts from her that are not allowed by law or contract.

48.

Plaintiff lost the benefit of her legal representation when it was ignored by each Defendant's direct communication to her despite knowing she was represented by legal counsel.

49.

Plaintiff lost the value of the postage used to mail notice of her legal representation when that notice was ignored by Defendants when they continued to directly communicate with her despite her representation by legal counsel.

50.

Plaintiff's injuries caused by Defendants' violations of the FDCPA are particular and concrete in that they are legally cognizable injuries through the FDCPA, they have invaded Plaintiff's legal rights, invaded her right privacy, invaded her right to true and accurate information, invaded her right to be treated fairly and with conscious regard, invaded her right to be free from harassment and abuse, and they have resulted in stress and anxiety as well as lost resources.

51.

Defendants' violations of the FDCPA have resulted in an invasion of Plaintiff's rights to be protected from direct communications from debt collectors when represented by legal counsel.

## CAUSES OF ACTION
### Count 1
*Violations of the Fair Debt Collection Practices Act,*
*15 U.S.C. §§ 1692 et seq.*

52.

Defendants directly communicated with Plaintiff in an attempt to collect an alleged debt from Plaintiff despite knowing that Plaintiff was represented by legal counsel.

53.

Defendants directly communicated with Plaintiff in an attempt to collect an alleged debt from Plaintiff despite knowing that Plaintiff directed them to stop communicating with her directly and to communicate instead with her legal counsel.

54.

Defendants' direct communication with Plaintiff despite her clear directions to communicate with her legal counsel invaded Plaintiff's right to privacy.

55.

Defendants' direct communication with Plaintiff despite her clear directions to communicate with her legal counsel was done with the intent to harass, oppress, and abuse Plaintiff by engaging in unwanted communication Plaintiff directed Defendants to cease

56.

Defendants attempted to collect and alleged debt from Plaintiff that they did not have the legal right to collect under Georgia law.

57.

Defendants attempted to collect amounts from Plaintiff not allowed by law or contract.

58.

Defendants sought to collect the incorrect amount for the alleged debt they sought to collect from Plaintiff.

59.

Defendants scheme to hide the actual creditors behind a false and incomplete assignment of the alleged debt is false, deceptive, and misleading, as well as an unfair and unconscionable means of attempting to collect the Alleged Debt.

60.

Defendant AFFILIATE's sending information about the alleged debt to a third party mail vendor without Plaintiff's authorization, and with the knowledge and consent of Defendant PENDRICK, is a violation of Plaintiff's privacy protections guaranteed by the FDCPA.

61.

The actions of Defendants as described above violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

62.

Plaintiff incurred actual damages as a result of Defendants' actions in violation of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, in an amount to be shown with more particularity at a later date, or to be decided by a jury of her peers.

63.

Further, Defendants' violations of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, make them liable to Plaintiff for not just the actual damages identified above, but also for statutory damages of up to the maximum of $1,000 for each Defendant, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

**Count 2**
*Violations by Defendants of Georgia's Fair Business Practices Act*

64.

Defendants' direct communication with Plaintiff, who was represented by legal counsel, as well as their attempts to collect debts they had no legal right to collect under Georgia law, in amounts not allowed by

16

law or contract, and in incorrect amounts, are unfair or deceptive acts or practices in the conduct of consumer transactions.

65.

Defendants' scheme to hide the actual creditors for whom they are attempting to collect the alleged debt, or any consumer debt they attempt to collect, is an unfair or deceptive act or practice in the conduct of consumer transactions.

66.

Defendants' disclosure of debt information to a third party vendor without the authorization of Plaintiff in an invasion of Plaintiff's privacy is an unfair act or practice in the conduct of consumer transactions, especially when that act is prohibited by the FTC Act.

67.

Upon information and belief, each Defendants' actions as described above were done intentionally in order to try and harass, oppress, intimidate, and abuse Plaintiff into paying the alleged debt without Plaintiff having the opportunity to make a reasonable investigation into the allegations of debt, or to be free from invasions of her privacy or harassment and abuse.

68.

The unfair or deceptive acts or practices in the conduct of consumer transactions engaged in by Defendants as described above impact the consumer marketplace for the collection of these types of alleged debts, and harm both consumers like Plaintiff and those marketplace participants that do not engage un unfair or deceptive acts or practices in the conduct of their consumer transactions.

69.

As a result of Defendants' unfair and deceptive acts or practices in the conduct of consumer transactions, Plaintiff suffered stress, anxiety, and emotional distress—otherwise known as garden-variety emotional distress— and incurred costs and legal fees to investigate Defendants' allegations in an amount to be shown with more particularity at a later date.

70.

Defendants' unfair and deceptive acts or practices in the conduct of consumer transactions violate Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.* (the "FBPA").

71.

Defendants' violation of the FBPA makes each Defendant liable to Plaintiff for the actual damages detailed above to be shown with more particularity at a later date.  O.C.G.A. § 10-1-399(a).

72.

Defendants' violation of the FBPA makes each Defendant liable to Plaintiff for "reasonable attorneys' fees and expenses of litigation incurred," "irrespective of the amount in controversy."  O.C.G.A. § 10-1-399(d).

73.

Defendants' intentional acts in violation of Georgia's FBPA also make each Defendant liable to Plaintiff for treble damages.  O.C.G.A. § 10-1-399(c).

74.

Plaintiff further seeks to enjoin Defendants from continuing to contact her regarding any alleged debt pursuant to O.C.G.A. § 10-1-399(a).

### Count 3
*Punitive Damages Against Defendants Under Georgia's FBPA*

75.

Plaintiff has a statutorily created right to "exemplary damages," sometimes also called punitive damages, pursuant to O.C.G.A. § 10-1-

399(a) for intentional violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*

76.

Defendants' intentional acts in violation of Georgia's FBPA also make each Defendant liable for "exemplary damages," sometimes also called punitive damages, pursuant to O.C.G.A. § 10-1-399(a), in an amount to be determined by the enlightened conscious of a jury.

**JURY DEMAND**

77.

Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff prays that this Court:

(1)   Find Defendants liable for violations of the Fair Debt Collection Practices Act for the reasons stated in the Complaint above;

(2)   Award Plaintiff the full $1,000 statutory damages for each Defendants' FDCPA violations;

(3)   Award Plaintiff actual damages in an amount to be shown with more particularity at a later date;

(4)   Find Defendants liable for actual damages in an amount to be shown with more particularity at a later date for their violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*;

(5)   Find Defendants liable for treble damages for their intentional

20

violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(c);

(6)    Find Defendants liable for punitive damages for their intentional violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(a);

(7)    Award Plaintiff reasonable attorney's fees and costs in accordance with the FDCPA 15 U.S.C. § 1692k(a)(2)-(3);

(8)    Award Plaintiff reasonable attorney's fees and costs in accordance with the Georgia's FBPA, O.C.G.A. § 10-1-399(d), for Defendants violations of Georgia's Fair Business Practices Act;

(9)    Award Plaintiff the reasonable costs of this action;

(10)   Award Plaintiff other expenses of litigation;

(11)   Grant Plaintiff such other and additional relief as the Court deems just and equitable.

Respectfully submitted this <u>8 June 2021</u>.

<u>/s/ John William Nelson</u>
John William Nelson
Georgia Bar No. 920108

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.   404.348.4462
Fax.  404.549.6765
john@nelsonchambers.com

<u>/s/ Clifford Carlson</u>
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047

Ph.    866.262.2834
Fax.   210.441.6034
cc@cliffcarlsonlaw.com

ATTORNEYS FOR PLAINTIFF